## OFFICE OF THE COMPTROLLER, et al. v SMITH, et al.

Case No. 88-1743

State of Florida, Division of Administrative Hearings

November 22, 1988

### APPEARANCES OF COUNSEL

**Jo Ann Levin,** for petitioner, Office of the Comptroller.

**Patrick Loebig,** for petitioner, Department of Health and Rehabilitative Services

**Louisa E. Hargrett,** for petitioner, Department of the Lottery.

Respondents did not appear.

### OPINION OF THE COURT

LARRY J. SARTIN, Hearing Officer.

### *RECOMMENDED ORDER*

Pursuant to written notice a formal hearing was held in this case before Larry J. Sartin, a duly designated Hearing Officer of the

Division of Administrative Hearings, on October 28, 1988, in Tallahassee, Florida.

## INTRODUCTION

Leroy Smith submitted a $5,000.00 winning lottery ticket to the Department of the Lottery for collection. The Department of the Lottery (hereinafter referred to as the "Lottery") transmitted the $5,000.00 prize to the Office of the Comptroller (hereinafter referred to as the "Comptroller") based upon information provided to the Lottery from the Department of Health and Rehabilitative Services (hereinafter referred to as "DHRS") that Mr. Smith owed DHRS $7,628.80. The Comptroller notified Mr. Smith of this action by letter dated March 23, 1988. Mr. Smith requested an administrative hearing to contest the action of the Lottery and the Comptroller.

Mr. Smith's request for hearing was forwarded to the Division of Administrative Hearings by the Comptroller with a motion to join the Lottery and DHRS as indispensable parties. This motion was granted by Order dated April 25, 1988.

In Mr. Smith's letter requesting a hearing, Mr. Smith alleged that the winning lottery ticket he submitted for collection was in fact his Grandmother's ticket and that he simply cashed it for her. Based upon this allegation an Order to Show Cause Why Respondent's Grandmother Should Not be Joined as an Indispensable Party was issued on April 25, 1988. This Order gave the parties fifteen days to show cause why Mr. Smith's Grandmother, Alice Longwood, should not be joined in the proceeding. No response to the Order was received from the parties or Ms. Longwood. Therefore, an Order Concerning Joinder of Indispensable Party was issued on May 19, 1988, indicating that no action would be taken to join Ms. Longwood.

On July 18, 1988, a letter was filed by Ms. Longwood. Although not totally clear, Ms. Longwood seemed to be requesting an opportunity in the letter to participate in the case as a party. Therefore, an Order to Show Cause was issued on July 18, 1988, giving the parties an opportunity to show cause why Ms. Longwood should not be joined as a party in this case. The Petitioners filed a letter indicating that they had no objection to Ms. Longwood's joinder in the case. Therefore, an Order Granting Joinder of Party was issued on August 3, 1988, joining Ms. Longwood as a Respondent.

The formal hearing of this case was first scheduled for June 6, 1988, by Notice of Hearing dated May 10, 1988. An Amended Notice of Hearing was issued on June 1, 1988, changing the location of the

230

hearing from Bunnell, Florida, to Tallahassee, Florida and the date of the hearing to July 18, 1988.

On July 15, 1988, the undersigned was informed by telephone that Mr. Smith had been incarcerated and would not be able to attend the formal hearing. The Petitioners were contacted by telephone by the undersigned and they agreed to a continuance of the formal hearing. The formal hearing of the case was continued by Order dated July 21, 1988.

A Second Notice of Hearing was issued on August 4, 1988, scheduling the formal hearing for September 7, 1988. On September 6, 1988, the undersigned was informed by telephone that Mr. Smith had been incarcerated again. The Petitioners again agreed to a continuance of the formal hearing. Therefore, the formal hearing was continued by Order dated September 9, 1988.

Finally, a Third Notice of Hearing was issued on September 9, 1988, rescheduling the formal hearing for October 28, 1988. The Respondents did not appear at the formal hearing on October 18, 1988. Nor was any effort made by the Respondents to contact the undersigned to indicate that the Respondents would not be able to attend the formal hearing. After waiting fifteen minutes for the Respondents to arrive, the hearing was commenced and the Petitioners presented their case.

At the formal hearing the Petitioners presented the testimony of Floyd C. Fender. Six exhibits were offered and accepted into evidence. Those exhibits were identified as "Petitioners" exhibits.

By Order dated July 12, 1988, official recognition of Chapters 17 and 24, Florida Statutes, was taken.

The Petitioners have filed a proposed recommended order containing proposed findings of fact. A ruling on each proposed finding of fact has been made either directly or indirectly in this Recommended Order or the proposed finding of fact has been accepted or rejected in the Appendix which is attached hereto.

## ISSUE

Whether Leroy Smith and/or Alice Longwood are entitled to the $5,000.00 prize for a winning lottery ticket presented by Leroy Smith to the Lottery for collection?

## FINDINGS OF FACT

1. On March 7, 1988, Mr. Smith completed a Lottery Winner Claim Form (hereinafter referred to as the "Form") and submitted the Form and a Cool Million instant-winning lottery ticket (hereinafter referred

to as the "Ticket"), number 02-114569-303, good for a prize of $5,000.00 for collection.

2. On the back of the Ticket Mr. Smith listed his name and address on the spaces provided for the person claiming the prize and signed the Ticket.

3. The space on the back of the Ticket where the first name of the person claiming the prize was to be listed had been covered with a "white-out" material and "Leroy" written in. At the bottom of the Form Mr. Smith indicates that this was done to replace his first name for a nickname that had previously been entered on the ticket.

4. Mr. Smith also listed his name, Social Security Number, address and phone number on the Form. Mr. Smith signed the Form as the "Claimant."

5. In a letter dated March 8, 1988, DHRS notified the Lottery that Mr. Smith owed $7,478.20 in Title IV-D child support arrearages and $150.00 in court-ordered costs, a total of $7,628.20, as of March 8, 1988.

6. By letter dated March 18, 1988, Mr. Smith was notified that the $5,000.00 prize for the Ticket he submitted was being transferred to the Comptroller for possible payment of his Title IV-D child support arrearages and court costs. The $5,000.00 prize was forwarded from the Lottery to the Comptroller on March 22, 1988.

7. Mr. Smith was notified by the Comptroller by letter dated March 23, 1988, that the Comptroller intended to apply the $5,000.00 prize toward his unpaid obligation.

8. Mr. Smith requested a hearing to contest the proposed action of the Comptroller.

9. The Title IV-D child support arrearages and court costs owed by Mr. Smith are related to two child support cases involving Mr. Smith. First, on December 1, 1981, Mr. Smith was ordered to pay child support to Deidah Brown in an Order of Dependency and Support issued by the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida. On November 6, 1984, Mr. Smith was ordered to pay child support to Patti Victoria Smith by the same court.

10. Mr. Smith's total obligation as of the date of the form hearing was $7,348.20: $3,578.20 in public assistance arrearage, $3,620.00 in non-public assistance arrearage and $150.00 in court-ordered costs.

### CONCLUSIONS OF LAW

The Division of Administrative Hearings has jurisdiction of the

parties to and the subject matter of this proceeding. Section 120.57(1), Florida Statutes (1987).

Section 24.115(4), Florida Statutes, provides:

(4) It is the responsibility of the appropriate state agency and of the judicial branch to identify to the department [the Lottery], in the form and format prescribed by the department, persons . . . owing child support collected through a court. Prior to the payment of a prize of $600 or more to any claimant having such an outstanding obligation, the department may transmit the prize money to the Comptroller who may authorize payment of the balance to the prize winner after deduction of the debt.

Section 24.105(10)(e), Florida Statutes, authorizes the Lottery to adopt rules providing for the payment of lottery prizes to holders of winning tickets. Section 24.115(1), Florida Statutes, requires that the Lottery adopt rules establishing a system of verifying the validity of lottery tickets submitted to claim prizes. Pursuant to this authority, the Lottery has adopted Rule 53ER87-43, Florida Administrative Code, which provides, in pertinent part, as follows:

(6) Until such time as a name is imprinted or placed upon the back portion of the lottery ticket in the designated area a lottery ticket shall be owned by the physical possessor of such ticket. When a name is placed on the rear of the ticket in the designated place, the person whose name appears in that area shall be the owner of the ticket and shall be entitled to any prize attributable thereto.

The evidence in this case proved that Mr. Smith owed child support collected through a court. The evidence further proved that Mr. Smith submitted a winning lottery ticket for collection of a $5,000.00 prize to the Lottery. Mr. Smith's name had been entered on the back portion of the Ticket. Pursuant to Rule 53ER87-43, Florida Administrative Code, Mr. Smith was the owner of the Ticket and was entitled to any prize attributable thereto.

Pursuant to Section 24.115(4), Florida Statutes, DHRS had notified the Lottery of Mr. Smith's obligation and the Lottery transmitted the prize money to the Comptroller. The amount of Mr. Smith's obligation exceeded the amount of the prize. Therefore, there was no balance to be paid to Mr. Smith.

The actions of the Lottery, the Comptroller and DHRS were consistent with Florida law.

## RECOMMENDATION

Based upon the foregoing Findings of Fact and Conclusions of Law, it is

RECOMMENDED that a final order be issued providing for payment of the $5,000.00 prize attributable to the Ticket for DHRS.

DONE and ENTERED this 22nd day of November, 1988, in Tallahassee, Florida.